[Crim. No. 2879. Second Appellate District, Division Two.—June 30, 1936.]

THE PEOPLE, Respondent, v. VERGUS GILMORE et al., Appellants.

Curtis C. Taylor and John S. Cooper for Appellants.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendants were charged in the first count of the information with the crime of burglary and in the second count with the crime of murder. They were convicted of both crimes and prosecute this appeal from the judgments pronounced against them and the order denying a new trial.

■ The contention is presented that the evidence is insufficient to justify the convictions. Early in the morning of November 5, 1935, the Apex Club, located on Central Avenue in the city of Los Angeles, was burglarized and a number of slot machines were stolen. During the perpetration of the burglary the janitor of the club, John Davis, was shot and killed. The four defendants, together with one Jack Willis, were accused of the crimes. Upon their arrest statements were taken from the several defendants. All admitted that they went in an automobile together and stopped in the street in front of the Apex Club. Each admitted that he either entered the building or assisted in removing the slot machines from the premises. All admitted that they departed from the Apex Club in the automobile containing the slot machines. The evidence is sufficient to sustain the convictions as to all defendants.

■ Complaint is made of the admission in evidence of the confessions of the defendants, the claim being made that the confessions were not free and voluntary. On this point the

testimony was conflicting and the trial court, after deciding to admit the confessions, instructed the jury as follows: "It is for the jury to determine for themselves whether the alleged confessions of the defendants were made freely and voluntarily without any influence of hope or fear. If so, you may consider it, if not, it is not evidence. The slightest menace or threat, or any hope engendered or encouraged that the defendant's case will be lightened or more favorably dealt with if he will confess, is enough to exclude the confession thereby superinduced; and any words spoken in the hearing of the defendant which may, in their nature, engender such fear or hope, render it necessary that a confession made within a reasonable time afterwards shall be excluded, unless it is shown by clear and positive proof that the confession was voluntarily made after all trace of hope or fear had been fully withdrawn or explained away." The court also properly instructed the jury as to the meaning of the word "confession". Defendants Gilmore and Hogue complain of the failure of the court to give to the jury an instruction requested by them to the effect that it was the function of the jury to determine whether the confessions were voluntary. The court did in fact properly instruct the jury on this point. The contention of defendants is without merit.

 Defendants further complain that the confessions of some of the defendants were improperly received as to other defendants. The statements of the defendants were taken separately and reduced to writing. Thereafter all of the defendants were brought together and all of the statements read so that all could hear them. The court inquired the purpose of the district attorney in offering the evidence, and the district attorney replied that it was for the purpose of showing the conduct of the various defendants in the face of accusatory statements. On this subject the court instructed the jury as follows: "You are instructed that when a defendant, under conditions which fairly afford him an opportunity to reply, stands mute in the face of an accusation of crime, the circumstance of his silence may be taken against him as evidence indicating an admission of guilt. The only purpose for which an accusatory statement is received in evidence is to show acquiescence or admission on the part of a defendant in the face of an accusatory charge,

and unless you are convinced beyond a reasonable doubt that the defendant did stand mute when the accusatory statements were made such statements should be entirely disregarded by you.'' The defendants were not prejudiced by the ruling of the court, which was more favorable to them than they could legally demand.

The judgments and order denying a new trial are affirmed.

Gould, J., *pro tem.*, and Crail, P. J., concurred.